IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, | ) | CIVIL NO.  08-00326 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER (1) DISMISSING |
| | ) | COMPLAINT; (2) DIRECTING |
| vs. | ) | SUBMISSION OF FILING FEE OR |
| | ) | *IN FORMA PAUPERIS* |
| UNNAMED STATE OF HAWAII | ) | APPLICATION; AND (3) DENYING |
| PUBLIC DEFENDER, | ) | MOTION TO CHANGE VENUE |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER (1) DISMISSING COMPLAINT; (2) DIRECTING SUBMISSION OF FILING FEE OR *IN FORMA PAUPERIS* APPLICATION AND (3) DENYING MOTION TO CHANGE VENUE

On July 15, 2008, pro se Plaintiff Michael C. Tierney, ("Plaintiff") a state pre-trial detainee, filed a Complaint in this court and a Motion to Change Venue.  The Complaint was not accompanied by a filing fee or an application to proceed *in forma pauperis* ("IFP").  The Complaint is also not filed on the required prisoner civil rights complaint form.  For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(a), for failure to state a claim with leave granted to amend, the Motion for Change of Venue is DENIED, and Plaintiff is ORDERED to either pay the filing fee or submit a sufficient IFP application.

# I.  <u>BACKGROUND</u>

Plaintiff's Complaint simply states that, while he was in state court on June 16, 2008, a State of Hawaii Public Defender threatened to kill him.  Plaintiff alleges that this violated his "Federal rights" and asks the court to forward his Complaint to the Federal Bureau of Investigation.  *See* Compl. 1.  Plaintiff does not name a defendant, and does not expand on how the alleged threat violated his rights under the United States Constitution.

Plaintiff's Complaint also directed the court to review an earlier filing of his, *Tierney v. Clinton*, 519 U.S. 901 (1996), wherein the U.S. Supreme Court denied certiorari to Plaintiff when he sought to appeal a decision of the Court of Appeals for the District of Columbia Circuit.  The D.C. Circuit affirmed the district court's dismissal of Plaintiff's prisoner pro se action as frivolous.  *See Tierney v. Clinton*, 1996 WL 310171 (D.C. Cir. May 28, 1996), *aff'g Tierney v. Clinton*, Civ. No. 1:95-01268 UNA.  The records in these cases confirm that Plaintiff was then a Washington State prisoner, at the time confined at the Clallam Bay Corrections Center, in Clallam Bay, Washington.

The court then checked the federal court case electronic database, http://pacer.psc.uscourts.gov, ("PACER"), and discovered that Michael C. Tierney, a Washington state prisoner, has filed numerous civil actions in the

federal courts that have been dismissed as frivolous or for failure to state a claim. *See id.*; *see also Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997) (finding that Washington prisoner, Michael C. Tierney, has on more than three occasions filed actions dismissed as frivolous or for failure to state a claim, and is therefore subject to the restrictions on filing complaints in the federal courts set forth in 28 U.S.C. § 1915(g)).

It appears that Plaintiff is therefore barred from filing any action in the federal courts without pre-payment of the filing fee, unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Plaintiff's claim here, that a state public defender threatened to kill him in open court on a single occasion and more than three weeks ago, does not show that Plaintiff is in such imminent danger. The court is uncertain from the record, however, whether Michael C. Tierney who has filed this case in Hawaii, is the same Michael C. Tierney who has accumulated three strikes as a Washington state prisoner. The court cannot, therefore, impose § 1915(g)'s restrictions against Plaintiff. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that it is defendant's initial burden to identify that a prisoner has three strikes under § 1915(g) and not the prisoner's). Plaintiff is notified, however, that if it later becomes clear that he is the same person as the Michael C. Tierney who has struck

3

out under the statute, he will not be allowed to proceed IFP in this action and this

action may also be dismissed as maliciously filed.

## II.  <u>PAYMENT OF FEES</u>

Plaintiff is notified that parties filing actions in the United States

District Court are required to pay filing fees.  28 U.S.C. § 1914(a).  An action may

proceed without the immediate payment of a filing fee only upon granting IFP

status.  *See* 28 U.S.C. § 1915.  Failure to pay the statutory filing fee will result in

dismissal of this action without prejudice.  *See Olivares v. Marshall*, 59 F.3d 109,

112 (9th Cir. 1995) (stating that the district court has authority to dismiss without

prejudice prisoner complaint for failure to pay partial filing fee); *In re Perroton*,

958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant

for failure to pay required filing fees).

On or before **August 18, 2008**, Plaintiff must either pay the statutory

filing fee of $350.00 for commencing this case, or submit a fully-completed and

sufficient IFP application.  Failure to do so will result in dismissal of the

Complaint for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Plaintiff is notified

that, even if IFP is granted, as a prisoner he will still be required to pay the full

$350 filing fee, although he may be allowed to pay the fee in installment payments

depending upon the amount of funds available in his prison trust account. *See* 28 U.S.C. § 1915(b)(1-2).

## III.  DISMISSAL OF COMPLAINT

### A.    Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). For screening purposes, the court accepts as true the allegations of the Complaint. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court, however, is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## B.    Plaintiff Fails to State a Claim

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that an unnamed state public defender threatened to kill him during a state court proceeding.  First, a public defender when acting in

6

the traditional, adversarial role of representing a client, is not acting under color of state law for the purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). It is immaterial that a public defender is employed by the state and has provided objectively ineffective assistance of counsel. *Miranda*, 319 F.3d at 468. When a public defender is representing a client or performing the traditional duties of a lawyer, there is no "state action."[1] *See also Cox v. Hellerstein*, 685 F.2d 1098, 1098-99 (9th Cir. 1982) (dismissing suit naming a federal public defender for lack of subject matter jurisdiction).

Because Plaintiff states that the unnamed public defender here was appearing in state court, during a proceeding in front of state court Judge Chan, it is apparent he was "performing a lawyer's traditional functions," and was not, therefore, acting under color of state law. *Polk County*, 454 U.S. at 325. As such, Plaintiff's Complaint fails to state a claim against his public defender under § 1983.

---

[1] That is not to say that, if a public defender is in a supervisory position, performing a purely administrative function, such as instituting policies or procedures or allocating funds within the department, he or she could not be found to be acting under color of state law. *See Miranda v Clark*, 319 F.3d 465, 469 (9th Cir. 2003) (en banc). That is not what Plaintiff alleges here, however.

Second, "verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that a deprivation of "peace of mind" does not support a constitutional claim).  "A mere threat may not state a cause of action" under the Eighth Amendment, even if it is a threat against exercising the right of access to the courts.  *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam).  Plaintiff's claim, that a public defender threatened to kill him, does not rise to the level of a constitutional violation and is insufficient to state a claim under § 1983.

Plaintiff's Complaint is DISMISSED.  Because it is not certain that Plaintiff cannot amend the Complaint to state a claim, this dismissal is with leave granted to amend.  Plaintiff is **GRANTED** until **August 18, 2008**, to file an amended complaint.  Plaintiff is **NOTIFIED** that failure to file an amended complaint on or before August 18, 2008, that sufficiently cures the noted deficiencies will result in dismissal of this action pursuant to 28 U.S.C. §§ 1915A(e)(2) and 1915(e)(2), and shall constitute a strike under 28 U.S.C. § 1915(g).

## C.      Motion for Change of Venue

Plaintiff has also filed a Motion to Change Venue seeking to remove his state criminal case to the federal court because he alleges the state court judge "is failing to render aid to the Defendant."  Plaintiff also appears to argue that "venue" is proper in this court because he was arrested "In a Weed and Seed (Federal District) Chinatown[.]"  Mot. 1.  This court is without jurisdiction over such a request.

Title 28 U.S.C. § 1443, which governs removal of criminal actions, provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States of the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Section 1443(1), which grants a right of removal to certain petitioners who claim federal rights based on racial equality as a defense to a state prosecution, has been narrowly interpreted by the United States Supreme Court.

9

*California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1971).  Petitions for removal under § 1443(1) must satisfy two criteria.  *Id.*  First, the petitioner must assert, as a defense to the prosecution, rights arising under a federal statute providing for specific civil rights stated in terms of racial equality.  *Id.*  Second, the petitioner must assert that the state courts will not enforce these civil rights and must cite a state statute or constitutional provision that purports to command the state courts to ignore them.  *Id.*  An allegedly negative experience with a particular State court is insufficient to meet the § 1443(1) requirements.  *Id*.

Section 1443(2) is limited to removal of criminal cases brought against federal officers and agents.  *See Alabama v. Kemp*, 952 F. Supp. 722, 723 (N.D. Ala. 1997).

Plaintiff does not meet either criteria for removal under § 1443(1).  First, Plaintiff does not state that he has asserted, as a defense to prosecution, rights arising under a federal statute providing for specific civil rights stated in terms of racial equality.  Second, Plaintiff does not assert that the state courts will not enforce these specific civil rights and has not cited a state statute or constitutional provision that purports to command the state courts to ignore them.

Section 1443(2) does not apply because Plaintiff has not alleged that he is a federal officer or agent.  *See Kemp*, 952 F. Supp. at 723.  Therefore, this

10

court lacks subject matter jurisdiction over Plaintiff's criminal case and the

Motion for Change of Venue is DENIED.

## IV.  CONCLUSION

IT IS HEREBY ORDERED that:

1.  Plaintiff is ORDERED to either pay the $350.00 filing fee or

submit a completed and executed *in forma pauperis* application on or before

**August 18, 2008.**  The application must bear the docket number assigned this

case, Civ. No. 08-00326 JMS/BMK.  Failure to timely file an *in forma pauperis*

application or submit the statutory filing fee by **August 18, 2008**, in accordance

with this Order will result in AUTOMATIC DISMISSAL of this action for failure

to prosecute or otherwise follow a court order.

2.  Plaintiff is NOTIFIED that it appears that he is barred from

proceeding in the federal court without prepayment of filing fees pursuant to 28

U.S.C. § 1915(g).  If it later becomes clear that Plaintiff has "struck out," and he

has already been granted *in forma pauperis* status, that status will be revoked and

this action may be dismissed as maliciously filed.

3.      Plaintiff's Complaint is DISMISSED for failure to state a claim

pursuant 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Plaintiff is GRANTED until

**August 18, 2008**, to file an amended complaint on court-provided forms curing

11

the deficiencies noted above.  Plaintiff is notified that any amended pleading must relate back to the claims in his original Complaint.  Plaintiff may not add new claims or new defendants that were not involved in the conduct, transactions, or occurrences set forth in the original Complaint.  *See* Fed. R. Civ. P. 15(c).

The amended complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference." Local Rule 10.3.  The document must bear the docket number assigned to Plaintiff's case and must be clearly labeled "Amended Complaint." If Plaintiff fails to file a sufficient amended complaint on or before **August 18, 2008,** this action will be **AUTOMATICALLY DISMISSED** for failure to state a claim, and shall count as a strike under 28 U.S.C. § 1915(g).

4.     Plaintiff's Motion to Change Venue is DENIED.

5.     The Clerk is DIRECTED to send Plaintiff an *in forma pauperis*

///

///

///

///

///

12

application and a prisoner civil rights complaint form, with instructions, so that

Plaintiff may comply with this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 22, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Tierney v. Unnamed State of Hawaii Public Defender*, Civ. No. 08-00326 JMS/BMK; Order (1) Dismissing Complaint; (2) Directing Submission of Filing Fee or *in Forma Pauperis* Application and (3) Denying Motion to Change Venue (/dmp Deficiency Orders 2008/ Tierney 08-326 JMS)